1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUDY DEL REAL,                              Case No.  1:21-cv-01158-BAM

12                  Plaintiff,                   **ORDER REGARDING PLAINTIFF'S**
                                                 **MOTION FOR SUMMARY JUDGMENT**
13          v.
                                                 (Docs. 19, 24)
14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                   Defendant.
16

17                                  __INTRODUCTION__

18          Plaintiff Judy Del Real ("Plaintiff") seeks judicial review of a final decision of the

19   Commissioner of Social Security ("Commissioner") denying her application for disability

20   insurance benefits under Title II of the Social Security Act.  The matter is currently before the

21   Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge

22   Barbara A. McAuliffe.[1]

23          Having considered the briefing and record in this matter, the Court finds that the decision

24   of the Administrative Law Judge ("ALJ") is supported by substantial evidence as a whole and is

25   based upon proper legal standards.  Accordingly, Plaintiff's motion for summary judgment is

26   denied, the Commissioner's request to affirm the agency's determination to deny benefits is

27   _____

28   [1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case,
     including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. 8, 9, 10.)

                                              1

1    granted, and judgment will be entered in favor of the Commissioner.

2                           **FACTS AND PRIOR PROCEEDINGS**

3            Plaintiff filed an application for disability insurance benefits on March 27,2029.  AR 204-

4    10.[2]  Plaintiff alleged she became disabled on August 9, 2016, due to carpal tunnel both hands,

5    nerve damage on right elbow/shoulder, and nerve damage on neck.  AR 233.  Plaintiff's

6    application was denied initially and on reconsideration.  AR 126-29, 134-38.  Subsequently,

7    Plaintiff requested a hearing before an ALJ, and following a hearing, ALJ Rebecca LaRiccia

8    issued an order denying benefits on December 7, 2020.  AR 34-46, 51-78.  Thereafter, Plaintiff

9    sought review of the decision, which the Appeals Council denied, making the ALJ's decision the

10   Commissioner's final decision.  AR 1-5.  This appeal followed.

11           **Relevant Hearing Testimony and Medical Record**

12           The relevant hearing testimony and medical record were reviewed by the Court and will

13   be referenced below as necessary to this Court's decision.

14           **The ALJ's Decision**

15           On December 7, 2020, using the Social Security Administration's five-step sequential

16   evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security

17   Act.  AR 34-46.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful

18   activity since August 9, 2016, the alleged onset date.  AR 39.  The ALJ identified the following

19   severe impairments:  right carpometacarpal osteoarthritis, cervical degenerative disc disease,

20   carpal tunnel syndrome, neuropathy, right trigger finger, and obesity.  AR 39-40.  The ALJ

21   determined that Plaintiff did not have an impairment or combination of impairments that met or

22   medically equaled any of the listed impairments.  AR 41.  Based on a review of the entire record,

23   the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium

24   work, except she could frequently climb ramps and stairs, occasionally ladders, ropes, and

25   scaffolds, could frequently balance, stoop, kneel, crouch, and crawl, and could perform frequent

26   but not constant or repetitive handling, fingering, and feeling bilaterally.  AR 41-46.  With this

27   _____

28   [2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

                                                    2

RFC, the determined Plaintiff could perform her past relevant work as a health expert technician as generally and as actually performed.  AR 46.  The ALJ therefore concluded that Plaintiff had not been under a disability from August 9, 2016, through the date of the decision.  AR 46.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v.*

1  *Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

2  **DISCUSSION**[3]

3  Plaintiff argues that the ALJ erred in her evaluation of the opinions rendered by:  (1) Dr.

4  Roger Wagner, a consultative examiner; (2) Dr. Lawrence Ginsberg, a treating physician; and (3)

5  Dr. Jason Chiu, a worker's compensation physician.[4]  (Doc. 19 at 3-6.)

6  Because Plaintiff applied for benefits after March 27, 2017, her claim is governed by the

7  agency's newer regulations concerning how an ALJ must evaluate medical opinions.  20 C.F.R. §

8  404.1520c.  Under these regulations, the Commissioner does "not defer or give any specific

9  evidentiary weight, including controlling weight, to any medical opinion(s) or prior

10  administrative medical finding(s), including those from [a claimant's] medical sources." 20

11  C.F.R. § 404.1520c(a).  The Commissioner evaluates the persuasiveness of the medical opinions

12  based on the following factors: (1) supportability; (2) consistency; (3) relationship with the

13  claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source

14  has familiarity with the other evidence in the claim or an understanding of our disability

15  program's policies and evidentiary requirements."  20 C.F.R. § 404.1520c(c)(3)(1)-(5).

16  Supportability and consistency are the most important factors.  20 C.F.R. § 404.1520c(b)(2).

17  Supportability means the extent to which a medical source supports the medical opinion by

18  explaining the "relevant ... objective medical evidence." 20 C.F.R. § 404.1520c(c)(1); *see also*

19  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Consistency means the extent to which a

20  medical opinion is "consistent ... with the evidence from other medical sources and nonmedical

21  [3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including
22  arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any
specific argument or brief is not to be construed that the Court did not consider the argument or brief.

23  [4] Plaintiff also asserts, "Last, the ALJ indicates that Ms. Del Real's testimony is inconsistent with the
24  medical evidence, but that is because he chose not to rely on her long-time treating physician nor the
reporting from Dr. Chiu, Ms. Del Real's worker's compensation treating physician."  (Doc. 19 at 5.)  To
25  the extent this conclusory statement is an attempt to argue that the ALJ erred in the evaluation of
Plaintiff's subjective complaints, Plaintiff has failed to develop this argument, and it is therefore waived.
26  *Montoya v. Kijakazi*, No. 1:20-cv-0152 JLT, 2021 WL 5356470, at *3 (E.D. Cal. Nov. 17, 2021) (citing
*Indep. Towers of Wash. v. Washington*, 305 F.3d 925, 929-30 (9th Cir. 2003), ("[W]hen a claim of error is
27  not argued and explained, the argument is waived.").  Because Plaintiff does not present any argument,
authority, or analysis related to the ALJ's evaluation of her testimony, other than conclusory statements,
28  Plaintiff waived any challenge to the ALJ's findings regarding that testimony.

4

1    sources in the claim." 20 C.F.R. § 404.1520c(c)(2); *Woods*, 32 F.4th at 792.

2         Ninth Circuit case law preceding the new regulations afforded deference to the medical

3    opinions of treating and examining physicians. Indeed, prior to the current regulations, the Ninth

4    Circuit required ALJs to provide clear and convincing or specific and legitimate reasons for

5    rejecting the medical opinions of treating or examining physicians. These standards of

6    articulation no longer apply in light of the new regulations. As explained by the Ninth Circuit in

7    *Woods*:

8         The revised social security regulations are clearly irreconcilable with our caselaw
          according special deference to the opinions of treating and examining physicians
9         on account of their relationship with the claimant. *See* 20 C.F.R. § 404.1520c(a)
          ("We will not defer or give any specific evidentiary weight, including controlling
10        weight, to any medical opinion(s) ..., including those from your medical
          sources."). Our requirement that ALJs provide "specific and legitimate reasons"
11        for rejecting a treating or examining doctor's opinion, which stems from the
          special weight given to such opinions, *see Murray*, 722 F.2d at 501–02, is
12        likewise incompatible with the revised regulations. Insisting that ALJs provide a
          more robust explanation when discrediting evidence from certain sources
13        necessarily favors the evidence from those sources—contrary to the revised
          regulations.
14

15    *Id.* at 792. The Ninth Circuit has clarified that "under the new regulations, an ALJ cannot reject

16    an examining or treating doctor's opinion as unsupported or inconsistent without providing an

17    explanation supported by substantial evidence." *Id.* at 792. "The agency must 'articulate ... how

18    persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. §

19    404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in

20    reaching these findings, *id.* § 404.1520c(b)(2)." *Id.*

21         In this instance, Dr. Wagner completed a consultative internal medicine evaluation on

22    January 3, 2019. AR 330-34. Plaintiff reported to Dr. Wagner that she cooks, cleans, drives,

23    shops, and performs her own activities of daily living without assistance, and she walks

24    reasonably often for exercise. AR 331. On examination, Plaintiff was easily able to walk on toes

25    and heels, and had a normal station and normal gait. AR 332. Her strength was 5/5 in the

26    bilateral upper and lower extremities, including grip. AR 333. Following examination, Dr.

27    Wagner opined that Plaintiff could stand and walk up to six hours with normal breaks and could

28    sit without limitation with normal breaks. She could lift and carry 50 pounds occasionally and 25

pounds frequently.  She could frequently climb, stoop, and crouch.  She also could frequently handle, finger, and feel on the right, with no limitations on the left.  AR 334.

The ALJ found Dr. Wagner's opinion "generally persuasive," considering the relevant factors of supportability and consistency.  AR 44.  As to supportability, the ALJ found that Dr. Wagner's opinion was supported "by his examination of the claimant, where the claimant exhibited normal strength in all tested muscle groups and a normal gait."  AR 44; *see*  20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be.").  On examination by Dr. Wagner, Plaintiff was able to get up out of her chair in the waiting room and walk at a normal speed back to the exam room without assistance, sat comfortably, and was easily able to get on and off the exam table.  AR 331.  She was able to take off her shoes and socks and put them back on demonstrating good dexterity and good flexibility.  *Id.*  Additionally, she was "easily able to walk on toes and heels," and had normal station and normal gait.  AR 332.  Her strength was 5/5 in the bilateral upper and lower extremities, including grip, and she had normal bulk and tone.  AR 333.

As to consistency, the ALJ found that Dr. Wagner's opinion that Plaintiff could perform medium work was "consistent with the generally conservative nature of the claimant's treatment." AR 44; *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) . . . is with the evidence from other medial sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."). The ALJ noted Plaintiff's generally conservative medical treatment, including physical therapy and trigger point injections.  AR 43, citing AR 892 (identifying trigger finger injections and hand therapy).

Despite finding Dr. Wagner's opinion generally persuasive, the ALJ nonetheless found greater limitations than those assessed by Dr. Wagner.  The ALJ explained that, in viewing the evidence in the light most favorable to the Plaintiff, the electrodiagnostic findings and imaging of the Plaintiff's cervical spine supported a restriction to frequent manipulative activities in her left upper extremity as well as her right side.  AR 44.

In addition to Dr. Wagner's opinion, the ALJ evaluated the opinion of Dr. Ginsberg,

1   Plaintiff's treating physician, who completed a Medical Source Statement form on October 6,

2   2020. AR 900-07. Dr. Ginsberg opined that Plaintiff could sit continuously for one hour, could

3   stand or walk continuously for thirty minutes, could sit for three hours total during an 8-hour

4   workday, could stand or walk for one hour total during an 8-hour workday, and would need to

5   rest for a total of four hours in an 8-hour workday. AR 902-04. Dr. Ginsberg also opined that

6   Plaintiff could frequently balance, occasionally stoop, and could occasionally reach, handle, and

7   finger with both hands. AR 904-05. Dr. Ginsberg estimated that Plaintiff was likely to be absent

8   from work about 3 times a month. AR 906.

9       The ALJ did not find the opinion of Dr. Ginsberg persuasive, considering the factors of

10  supportability and consistency. AR 44-45. As to supportability, the ALJ indicated that the

11  opinion was unsupported by Dr. Ginsberg's own treatment records showing that "claimant

12  demonstrated a normal gait, station, and range of motion." AR 45, citing AR 831 ("Gait and

13  station: Normal;" "Range of Motion: Normal."). As to consistency, the ALJ found that Dr.

14  Ginsberg's opined limitations were not consistent with Plaintiff's own reports to Dr. Wagner "of

15  being able to tend to her activities of daily living on her own." AR 45, citing AR 330-34.

16  Plaintiff reported to Dr. Wagner that she cooks, cleans, drives, shops, performs her own activities

17  of daily living without assistance, and walks reasonably often for exercise. AR 331.

18      With regard to the opinions of Dr. Wagner and Dr. Ginsberg, Plaintiff does not identify

19  any specific deficiencies in the ALJ's evaluation of the persuasiveness of the opinions. (*See* Doc.

20  19 at 3-5.). Instead, Plaintiff argues that because Dr. Ginsberg has been treating Plaintiff for 35

21  years, his opinion "should hold more weight" than the opinion of Dr. Wagner, who only

22  examined Plaintiff one time and reviewed limited records. (*Id.* at 3-4.) Plaintiff also argues that

23  the ALJ did not give a "clear and convincing reason" explaining why Dr. Ginsberg's opinion

24  should not have been "relied on." (*Id.* at 3-4, 5.) These standards of articulation are no longer

25  applicable under the revised regulations, and Plaintiff's arguments thus fail. As noted above, this

26  case is governed by the revised regulations, which eliminated not only the special deference

27  afforded the opinions of treating and examining physicians, but also the requirement that ALJs

28  provide clear and convincing or specific and legitimate reasons for rejecting the medical opinions

7

1    of treating and examining physicians.  Under the revised regulations, and as explained by the

2    ALJ, she could not "defer or give any specific evidentiary weight" to any medical opinions,

3    including those from Plaintiff's own treating sources. AR 44; 20 C.F.R. § 404.1520c(a).  As

4    required by the governing regulations, the ALJ evaluated the persuasiveness of the medical

5    opinions of both Dr. Wagner and Dr. Ginsberg and explained how she considered the

6    supportability and consistency factors.  AR 44-45.

7         Plaintiff also appears to argue that the ALJ should have relied on Dr. Ginsberg's opinion

8    because it was rendered in October 2020, whereas Dr. Wagner's opinion was rendered in January

9    2019. (Doc. 19 at 4.)  This argument is not persuasive.  Plaintiff does not cite any relevant

10   authority or point to any evidence in the record to suggest that Plaintiff's condition meaningfully

11   changed between the time Dr. Wagner examined Plaintiff, and the time Dr. Ginsberg wrote his

12   opinion. (*See* Doc. 24 at 9.)

13        Plaintiff additionally challenges the ALJ's evaluation of the persuasiveness of Dr. Chiu's

14   opinion. (*See* Doc. 19 at 5-6.)  The ALJ did not find the opinion of Dr. Chiu persuasive, and

15   explained as follows:

16        Dr. Chiu opined that the claimant's prospects for returning to work are dismal.
          (Ex. 5F).  Dr. Chiu's opinion is unsupported by any discernible qualification for
17        providing a vocational opinion.  Dr. Chiu's opinion is also inconsistent with the
          claimant's generally unremarkable consultative evaluation with Dr. Wagner.  In
18        addition, Dr. Chiu's opinion is an opinion on an issue reserved to the
          commissioner and is therefore neither inherently valuable nor persuasive.
19

20   AR 45.  Plaintiff's objections do not relate to this particular and specific evaluation of Dr. Chiu's

21   opinion by the ALJ.  Rather, they appear to relate to the ALJ's evaluation generally of opinions

22   with regard to Plaintiff's worker's compensation claim.  (Doc. 19 at 5-6.)  The ALJ did not find

23   any opinion on certain issues related to the claimant's worker's compensation claim persuasive.

24   AR 45.  The ALJ elaborated on this finding, explaining as follows:

25        More specifically, the undersigned does not find persuasive any opinion
          indicating that the claimant is rated at permanent and stationary or that the
26        claimant has no allowance for grasping, wrist flexion, wrist extension, reaching,
          and keyboarding.  These opinions are not supported by the record, indicating that
27        the claimant cares for her mother, she drives, and she has normal muscle bulk.
          (Ex. 5F).  Determinations that the claimant has no allowance for grasping, wrist
28        flexion, wrist extension, reaching, and keyboarding are inconsistent with the

claimant's consultative examination, where the claimant was able to take off her socks and shoes and put them back on.  (Ex. 3F/3).  Moreover, worker's compensation[ ] matters employ separate criteria in establishing physical limitations than applicable.  Therefore, the undersigned does not find any determination or opinion related to the claimant's worker's compensation matter to be persuasive.

AR 45.

In challenging the ALJ's decision, Plaintiff acknowledges that workers' compensation has different criteria, but argues that "the criteria is not so dissimilar that the limitations provided should be deemed wholly non-persuasive and not relied on or considered at all."  (Doc. 19 at 5-6.)  To that end, Plaintiff contends that these opinions "should carry some weight."  *Id.*  Again, this is not the relevant standard, and Plaintiff's argument fails.  As previously explained, under the revised regulations, an ALJ cannot "defer or give any specific evidentiary weight" to any medical opinions.  *See* 20 C.F.R. § 404.1520c(a).  Thus, any failure to assign "some weight" to the opinions of the workers' compensation opinions is not error.  Further, "[a]n ALJ properly may refuse to consider the workers' compensation record's conclusions as to disability status."  *Carr v. Kijakazi*, No. 1:21-CV-01021-CDB (SS), 2025 WL 240821, at *13 (E.D. Cal. Jan. 17, 2025).

Plaintiff argues that the workers' compensation records and reports "should at least be considered when evaluating the persuasiveness of the CE reporting and when considering whether the records are consistent with Ms. Del Real's testimony."  (Doc. 19 at 6.)  To the extent Plaintiff's argument is an assertion that the ALJ failed to consider the persuasiveness of the workers' compensation opinions, which included multiple check-the-box reports, this assertion is not correct.  The ALJ considered the persuasiveness of the workers' compensation opinions and considered the factors of supportability and consistency.  AR 45.  As to supportability, the ALJ determined that the opinion that Plaintiff was rated at permanent and stationary or that Plaintiff had no allowance for grasping, wrist flexion, wrist extension, reaching, and keyboarding was not supported by records showing that "claimant cares for her mother, she drives, and she has normal muscle bulk."  AR 45 (citing Ex. 5F [AR 378-818]).  According to the workers' compensation records, and as noted by the ALJ, Plaintiff took care of her mother, drove, and had normal muscle bulk.  *See, e.g.*,  AR 430, 468, 617, 654, 658, 671, 675, 702, 704, 793, 816; *see also* AR 331.

9

1       As to consistency, the ALJ found that the opined determinations regarding "no allowance

2  for grasping, wrist flexion, wrist extension, reaching, and keyboarding" were inconsistent with

3  evidence from other medical sources, namely Dr. Wagner's consultative examination.  AR 45,

4  citing AR 331; *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) . . . is

5  with the evidence from other medial sources and nonmedical sources in the claim, the more

6  persuasive the medical opinion(s) . . . will be.").  The ALJ noted that at the consultative

7  examination, Plaintiff "was able to take off her socks and shoes and put them back on."  AR 45,

8  citing AR 331.  Indeed, the consultative examiner noted that Plaintiff "was easily able to bend

9  over at the waist and take off shoes and socks and put them back on demonstrating good dexterity

10  and good flexibility bringing her ankles up to the knees to take off her socks."  AR 331.  Plaintiff

11  does not object to the ALJ's stated rationale for finding these opinions unpersuasive relative to

12  the factors of supportability and consistency.  (*See* Doc. 19 at 5-6.)

13       For these reasons, the Court concludes that the ALJ did not commit reversible error in the

14  evaluation of the medical opinions.

15                    **CONCLUSION AND ORDER**

16       Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial

17  evidence in the record as a whole and is based on proper legal standards.  Accordingly, IT IS

18  HEREBY ORDERED as follows:

19       1.       Plaintiff's motion for summary judgment (Doc. 19) is DENIED.

20       2.       The Commissioner's request to affirm the agency's decision (Doc. 24) is

21  GRANTED.

22       3.       The Clerk of the Court is directed to enter judgment in favor of Defendant

23  Commissioner of Social Security, and against Plaintiff Judy Del Real, and to close this case.

24

25  IT IS SO ORDERED.

26    Dated:  __May 27, 2025__           ___/s/ *Barbara A. McAuliffe*___

27                                UNITED STATES MAGISTRATE JUDGE

28